# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED SPECIALTY INSURANCE
COMPANY,

     Plaintiff,

v.                                                              CASE NO:

SOUTHERN HOME SOURCE LLC,
TOWNE CONSTRUCTION GROUP
INC., WILLOWBROOK AT
OAKLEAF PLANTATION
HOMEOWNERS' ASSOCIATION,
INC.,

     Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

UNITED SPECIALTY INSURANCE COMPANY ("United Specialty")
files suit against SOUTHERN HOME SOURCE LLC ("Southern Home"),
TOWNE CONSTRUCTION GROUP INC. ("Towne Construction"), and
WILLOWBROOK AT OAKLEAF PLANTATION HOMEOWNERS'
ASSOCIATION, INC. ("Townhome Association"), and alleges:

## NATURE OF ACTION

1.    This is an action for damages and declaratory relief under 28

U.S.C. § 2201 to establish there is no coverage for a lawsuit over Southern Home and/or Towne Construction's work on a residential townhome development under insurance policies with comprehensive Townhome Exclusions.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.    Venue is proper in this district because United Specialty issued and delivered the disputed policies to Southern Home in this district, the underlying lawsuit is being litigated in this district, and otherwise a "substantial part of the events … giving rise to the claim occurred in this district." See 28 U.S.C. § 1391(b)(2).

4.    All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5.    United Specialty is a Delaware corporation with its principal place of business in Texas. For purposes of this action, United Specialty is an

eligible surplus lines insurer that issued surplus lines, commercial general liability insurance policies to Southern Home.

6.     Southern Home is a Florida limited liability company. Upon information and belief, Michael Towne is the sole member of Southern Home and a resident of Florida. Accordingly, Southern Home is a citizen of Florida for diversity purposes.

7.     Towne Construction is a Florida corporation with its principal place of business in Florida. Accordingly, Towne Construction is a citizen of Florida for diversity purposes.

8.     The Townhome Association is a Florida corporation with its principal place of business in Florida. Accordingly, the Townhome Association is a citizen of Florida for diversity purposes.

## WILLOWBROOK AT OAKLEAF PLANTATION TOWNHOMES PROJECT

9.     Southern Home and/or Towne Construction worked as subcontractor(s) during the original construction of the residential townhome project known as the Willowbrook at Oakleaf Plantation Townhomes in Clay County, Florida.

10.    The Townhome Association operates the Willowbrook at Oakleaf Plantation Townhomes.

11.    The Declaration Of Covenants, Conditions And Restrictions for the Willowbrook at Oakleaf Plantation Townhomes confirm the project is a residential townhome development. (*See* Exhibit A, Declaration Of Covenants, Conditions And Restrictions at Sections 3.1, 1.1.1.-1.1.2.)

12.    The Articles of Incorporation for the Willowbrook Townhome Association confirm the project is a residential townhome development. (*See* Exhibit B, Articles of Incorporation.)

13.    The Rules and Regulations for the Willowbrook Townhome Association confirm the project is a residential townhome development. (*See* Exhibit C, Rules and Regulations.)

14.    A web page maintained by the developer, Mattamy Homes, confirms the Willowbrook at Oakleaf Plantation Townhomes is a residential townhome development. (*See* Exhibit D, MATTAMY HOMES AT WILLOWBROOK, https://www.oakleafplantation.com/homes/mattamy_multi.php    (last visited March 21, 2023)).

## **UNDERLYING LAWSUIT**

15.    The Townhome Association filed suit against Towne

Construction in the circuit court of Clay County, Florida in a lawsuit styled:
*Willowbrook at Oakleaf Plantation Homeowners' Association, Inc., v. Mattamy Florida LLC, et al.*, Case No. 2021-CA-000400 (the "Underlying Lawsuit").

16.    On January 4, 2022, the Townhome Association filed its operative, second amended complaint against Towne Construction (the "Underlying Complaint"). (*See* Exhibit E, Underlying Complaint.)

17.    The crux of the Underlying Complaint is that the defendants are liable for their "negligent and defective development, design, construction, and sale of the Willowbrook at Oakleaf Plantation Townhomes" (the "Townhomes"). (*Id.*, ¶1.)

18.    The Townhome Association alleges Towne Construction "was a subcontractor for the Townhomes and responsible for all aspects of its scope of work including, but not limited to, furnishing and installing roofing and related components, accessories and materials for the Townhomes." (*Id.*, ¶52.)

19.    Essentially, the Townhome Association alleges Towne Construction is liable" for failing to correctly construct and perform its scope of work on the Townhomes and Common Areas, resulting in the defects and deficiencies including" the following:

a) Missing/insufficient 4-inch cement over edge flashing flange. (2010/2014 FRC:R903.1);

b) Lower tabs not removed from starter shingle (2010/2014 FRC: R903.1);

c) Shingle coursing not per manufacturer's instructions (2010/2014 FRC: R903.1);

d) Starter shingles not adhered or cemented to edge flashing (2010/2014 FRC: R903.1);

e) Improper amount, spacing or placement of starter strip fasteners (2010/2014 FRC: R903.1);

f) Ends of valley shingles not cemented (2010/2014 FRC: R903.1);

g) Cap shingle not cemented to head wall flashing (2010/2014 FRC: R903.1);

h) Underlayment cut/torn/missing (2010/2014 FRC: R903.1);

i) Improper number/spacing of shingle fasteners (2010/2014 FRC: R903.1);

j) Overdriven shingle fasteners (2010/2014 FRC: R903.1);

k) Drip edge not attached at 12" o/c (2010/2014 FRC: R905.2.8.5); and

l) Lack of sealant under headwall flashing (2010/2014 FRC: R903.1, R903.2).

(*Id.*, ¶¶365, 375.)

20.    Based on its general allegations, the Underlying Complaint includes two counts against Towne Construction for Violation of Florida Building Code (Count XXXVII) and Negligence (Count XXXVIII).

21.    According to the Underlying Complaint, "[t]he aggregate effect

of the [roof] defects set forth above has caused community-wide water-intrusion, damage to other components of the buildings including, but not limited to the building exteriors, building framing, building sheathing, interior and exterior finishes, undue risk of future damages throughout the Townhomes, and damages to the work and property of other persons or entities, necessitating the need for repairs." (*Id.*, ¶¶367, 376.)

## THE TOWNHOME ASSOCIATION SUED TOWNE CONSTRUCTION, BUT NOT SOUTHERN HOME

22.    Southern Home was organized as a Florida limited liability company on March 17, 2009. (*See* Exhibit F, Certified Copy of Certificate of Status for Southern Home.)

23.    The Underlying Complaint was filed against Towne Construction, *i.e.*, "Towne Construction Group Inc."

24.    Towne Construction was administratively dissolved on September 28, 2012. (*See* Exhibit G, Certified Copy of Certificate of Status for Towne Construction.)

25.    On May 2, 2011, Southern Home filed an application for registration of "Towne Construction Group" as a fictious name. (*See* Exhibit H, Fictious Name Application for Registration.)

26.    On December 31, 2016, Southern Home's fictious name "Towne Construction Group" expired. (*See* Exhibit I, Screenshot of Webpage for Fictious Name Status.)

## **THE POLICIES**

27.    United Specialty is a surplus lines insurer.[1]

28.    Southern Home purchased the following surplus lines, commercial general liability policies from United Specialty: Policy No. DCG00217-00, effective from 08/29/2014 to 08/29/2015 (the "2014-15 Policy"); Policy No. DCG00217-01, effective from 08/29/2015 to 08/29/2016 (the "2015-16 Policy"); Policy No. DCG00217-02, effective from 08/29/2016 to 08/29/2017 (the "2016-17 Policy"); Policy No. DCG00217-03, effective from 08/29/2017 to 08/29/2018 (the "2017-18 Policy"); Policy No.

---

[1] "Surplus lines insurance is a type of insurance available when, due to the nature and severity of the risk, an insured cannot obtain coverage from insurers authorized to do business in the state." *Klopman v. Zurich Am. Ins. Co. of Illinois*, 233 Fed. Appx. 256, 258 n.1 (4th Cir. 2007). In other words, surplus lines is insurance of last resort for distressed or particularly problematic risks. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 491 (4th Cir. 1998) ("Surplus lines are substandard risks that standard markets generally do not handle."). The insured could not obtain insurance through the admitted market so as a last resort it purchased insurance policies from United Specialty in the surplus lines market, which generally has more restrictive terms than the admitted market. *See Raven Envtl. Restoration Servs., LLC v. United Nat'l Ins. Co.*, 489 F. Supp. 3d 1372, 1376 (S.D. Fla. 2020) (noting a surplus lines insurer often has "more restrictive terms or exclusions on its policies.").

DCG00217-04, effective from 08/29/2018 to 08/29/2019 (the "2018-19 Policy"); and Policy No. DCG00217-05, effective from 08/29/2019 to 08/29/2020 (the "2019-20 Policy") (together, the "Policies"). (*See* Composite Exhibit J, Policies.)

29.    Southern Home is the only Named Insured under the Policies.

30.    Before the Policies were issued, all the forms and endorsements were disclosed to Southern Home in a Quote and in a Binder, which Southern Home accepted.

31.    United Specialty is defending Southern Home and Towne Construction in the Underlying Lawsuit under a complete reservation of rights.

**COUNT I**
**NO COVERAGE BECAUSE THE TOWNHOME ASSOCIATION**
**DID NOT SUE AN INSURED**

32.    United Specialty incorporates paragraphs 1 through 31.

33.    Southern Home is the only Named Insured under the Policies.

34.    The Underlying Complaint was filed against Towne Construction only.

35.    Towne Construction is not an insured under the Policies.

36.    Southern Home is not entitled to any coverage for operations by

Towne Construction.

37.    United Specialty accordingly has no duty to defend or indemnify Towne Construction or Southern Home in the Underlying Lawsuit.

**COUNT II**
**NO COVERAGE UNDER THE TOWNHOME EXCLUSIONS**

38.    United Specialty incorporates paragraphs 1 through 31.

39.    The Policies include two distinct, but nearly identical, versions of a Townhome Exclusion. (*See* Exhibit K, Form DCG 008 0414 included in the 2014-15 Policy, 2015-16 Policy, and 2016-17 Policy; Exhibit L, Form DCG 008 0416 included in the 2017-18 Policy, 2018-19 Policy, and 2019-20 Policy.) More specifically, both versions of the exclusion bar coverage for "'property damage' included in the 'products-completed operations hazard' and arising out of 'your work' on the new construction of any … townhomes or townhouses".[2]

40.    The Underlying Lawsuit is over damages arising out of work on the new construction of the Willowbrook at Oakleaf Plantation Townhomes.

---

[2] The principal difference between the two forms is that Form DCG 008 0416 only bars coverage when there are 10 or more townhome or townhouse units in the entire development. Nevertheless, that distinction is irrelevant here because the Willowbrook at Oakleaf Plantation Townhomes indisputably includes more than 10 townhome or townhouse units.

41.    The Willowbrook at Oakleaf Plantation Townhomes is a residential townhome or townhouse development that includes more than 10 townhome or townhouse units.

42.    United Specialty accordingly has no duty to defend or indemnify Towne Construction or Southern Home in the Underlying Lawsuit.

### COUNT III
### NO COVERAGE UNDER THE INSURING AGREEMENTS

43.    United Specialty incorporates paragraphs 1 through 31.

44.    The insuring agreements under the Policies are only triggered by "property damage" caused by an "occurrence" during each respective policy period. (*See* Composite Exhibit J, Form CG 00 01 04 13.)

45.    The insuring agreements have not been triggered because the Townhome Association does not seek damages for "property damage."

46.    The insuring agreements also have not been triggered because the Townhome Association does not seek covered damages caused by an "occurrence."

47.    The insuring agreements also have not been triggered because the Townhome Association does not allege that any "property damage" occurred during any of United Specialty's policy periods.

48.     United Specialty accordingly has no duty to defend or indemnify Towne Construction or Southern Home in the Underlying Lawsuit.

## COUNT IV
## NO COVERAGE UNDER VARIOUS POLICY EXCLUSIONS

49.     United Specialty incorporates paragraphs 1 through 31.

50.     The Continuous or Progressive Injury and Damage Exclusion included in the 2018-19 Policy and 2019-20 Policy bars coverage to the extent the Underlying Lawsuit is over "any damages because of or related to … 'property damage': 1. Which first existed, or alleged to have first existed, prior to the inception date of this policy; or 2. Which are, or are alleged to be, in the process of taking place prior to the inception date of this policy, even if the actual or alleged … 'property damage' continues during this policy period; or 3. Which were caused, or are alleged to have been caused, by the same condition or construction defect which resulted in … 'property damage' which first existed prior to the inception date of this policy." (Exhibit M, Form DCG 062 0218.)

51.     Exclusion j.(5) bars coverage to the extent the Underlying Lawsuit is over property damage to "That particular part of real property on which [Towne Construction or Southern Home] or any contractors or

subcontractors working directly or indirectly on [Towne Construction or Southern Home's] behalf are performing operations, if the 'property damage' arises out of those operations." (*See* Composite Exhibit J, Form CG 00 01 04 13.)

52.    Exclusion j.(6) bars coverage to the extent any "property that must be restored, repaired or replaced because [Towne Construction or Southern Home's] work … was incorrectly performed on it." (*Id*.)

53.    Exclusion k. Damage to Your Product bars coverage to the extent any product provided by Towne Construction or Southern Home was damaged or caused damage to other property. (*Id*.)

54.    Exclusion l. Damage to Your Work bars coverage to the extent any property damage arises out of or any part of work by Towne Construction or Southern Home included in the products-completed operations hazard. *(Id.)*

55.    Exclusion m. Damage to Impaired Property or Property Not Physically Injured bars coverage to the extent any property is less useful because it incorporates work or products provided by Towne Construction or Southern Home, or because they failed to fulfill the terms of any contract or agreement. *(Id.)*

56.    United Specialty accordingly has no duty to defend or indemnify Towne Construction or Southern Home in the Underlying Lawsuit.

## **REQUESTED RELIEF**

United Specialty respectfully requests that this Court:

a.    Take jurisdiction and adjudicate the rights of the parties under the Policies;

b.    Find and declare that United Specialty does not have a duty to defend Towne Construction or Southern Home in the Underlying Lawsuit;

c.    Find and declare that United Specialty does not have to pay any judgment against Towne Construction or Southern Home in the Underlying Lawsuit;

d.    Award United Specialty all the attorney's fees and costs that United Specialty  incurred to provide a defense in the Underlying Lawsuit; and

e.    Award United Specialty its costs in this action, as well as any other relief that this Court deems, equitable, just, and proper.

Respectfully submitted,

/s/ SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
sina.bahadoran@clydeco.us
**ANDRES CORDOVA**
Florida Bar No. 0118147
andres.cordova@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646

*Counsel for United Specialty
Insurance Company*