# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                CASE NO: 3:23-CV-00335-BJD-LLL

SOUTHERN HOME SOURCE LLC,
TOWNE CONSTRUCTION GROUP
INC., WILLOWBROOK AT OAKLEAF
PLANTATION HOMEOWNERS'
ASSOCIATION, INC.,

    Defendants.
_____/

## UNITED SPECIALTY INSURANCE COMPANY'S APPLICATION FOR DEFAULT JUDGMENT AGAINST SOUTHERN HOME SOURCE LLC

UNITED SPECIALTY INSURANCE COMPANY ("USIC"), pursuant to Fed. R. Civ. P. 55(b) and M.D. Fla. L.R. 1.10, files this application for default judgment against SOUTHERN HOME SOURCE LLC ("Southern Home"), and states:

1. On March 22, 2023, USIC filed its complaint against TOWNE CONSTRUCTION GROUP INC. ("Towne Construction"), SOUTHERN HOME SOURCE LLC, and the WILLOWBROOK AT OAKLEAF PLANTATION HOMEOWNERS' ASSOCIATION, INC. ("Association"). (ECF No. 1.)

2. USIC seeks to establish there is no insurance coverage available to

Southern Home for the Association's underlying lawsuit because: (a) Southern Home was not sued in the underlying lawsuit; and (b) the comprehensive Townhome Exclusions included in the USIC policies preclude coverage because the underlying lawsuit is over defective construction work on a residential townhome development. (ECF No. 1, at 9-11.)

3. On June 20, 2023, USIC served Southern Home. (ECF No. 21.)

4. Southern Home's responsive pleading was a due by July 11, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

5. Southern Home has not filed an appearance, a responsive pleading, or otherwise moved for an extension of time.

6. On November 28, 2023, a Clerk's default was entered against Southern Home because it failed to timely file a responsive pleading. (ECF No. 37.)

7. On May 22, 2023, the Association filed a motion to dismiss, which remains pending. (ECF No. 14.)

8. As detailed below, USIC submits it is entitled to a default judgment against Southern Home based on the plain language of its policies, the operative allegations against Southern Home, and the documentary evidence establishing USIC's damages.

## ARGUMENT AND CITATION OF AUTHORITY

**Standard of Inquiry Under Rule 55(b)(2)**

"After receiving the clerk's default, … the Court can enter a default judgment against the defendant for not appearing." *United States v. Cornwell*, No. 618CV2194ORL22EJK, 2020 WL 674092, at *2 (M.D. Fla. Feb. 11, 2020). But, "before entering a default judgment[,] the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

**The Duty to Defend Under Florida Law**

"Florida courts typically determine whether an insurer has a duty to defend by comparing the allegations in the underlying complaint to the coverage afforded under the policy." *Feldman v. Imperium Ins. Co.*, No. 8:14-CV-1637-T-30EAJ, 2015 WL 5854153, at *7 (M.D. Fla. Oct. 5, 2015). "Nevertheless, "there are some natural exceptions to this standard where an insurer's claim that there is no duty to defend is based on factual issues that would not normally be alleged in the complaint." *Id.* at 865 (quoting *Higgins v. State Farm Fire and Cas. Co.*, 894 So.2d 5, 10 n. 2 (Fla .2005)). Essentially, extrinsic evidence will be considered when it concerns (1) an "uncontroverted" issue, (2) that normally would not be alleged in the underlying

complaint, and (3) inclusion of this issue in the complaint would clearly bar coverage. *See Composite Structures, Inc. v. Cont'l Ins. Co.*, 560 F. App'x 861, 865 (11th Cir. 2014); *First Specialty Ins. v. 633 Partners, Ltd.*, 300 F. App'x 777 (11th Cir. 2008).

"[I]f a court determines there is no duty to defend, as a matter of law there cannot be a duty to indemnify." *Founders Ins. Co. v. Cortes-Garcia*, No. 8:10-CV-02286-EAK, 2012 WL 2505917, at *5 (M.D. Fla. June 28, 2012).

### Standard for Pleading Declaratory Relief

To state a cause of action for declaratory relief, an insurer must "adequately ple[a]d a bona fide dispute as to the insurance policy's interpretation and its coverage of [an insured's] alleged conduct." *Maryland Cas. Co. v. Smartcop, Inc.*, No. 4:11-CV-10100-KMM, 2012 WL 2675476, at *2 (S.D. Fla. July 6, 2012) (citing *Coregis Ins. v. McCollum*, No. 96–1068–CIV–T–17–B, 955 F.Supp. 120, 123 (M.D.Fla.1997) (finding a justiciable controversy appropriate for declaratory relief because "Plaintiff has a right to know whether it is bound under its contract to defend its insured and whether or not it would be liable under the coverage of its policy in the event the state court renders judgment against it").

**I.   A DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST SOUTHERN HOME BECAUSE USIC'S COMPLAINT STATES A CAUSE OF ACTION FOR DECLARATORY RELIEF.**

USIC is entitled to the entry of a default judgment against Southern Home because its complaint clearly states a cause of action for declaratory relief. *See*

*Maryland Cas. Co.*, 2012 WL 2675476, at *2 (holding an insurer in a declaratory relief action "adequately pled a bona fide dispute as to the insurance policy's interpretation and its coverage of [an insured's] alleged conduct") (citing *Coregis Ins. Corp.*, 955 F. Supp. at 123). To be sure, USIC's complaint includes well-pleaded allegations, which taken as true due to the default, state a substantive cause of action and sufficient basis for the declaratory relief requested by USIC.

Count I of the complaint seeks declarations that USIC has no duty to defend or indemnify Southern Home because it was not sued in the underlying complaint. More specifically, the following allegations of USIC's complaint, taken as true, state a cause of action and sufficient basis for the declarations requested in Count I of the complaint:

> Southern Home purchased the following surplus lines, commercial general liability policies from United Specialty: Policy No. DCG00217-00, effective from 08/29/2014 to 08/29/2015 (the '2014-15 Policy'); Policy No. DCG00217-01, effective from 08/29/2015 to 08/29/2016 (the '2015-16 Policy'); Policy No. DCG00217-02, effective from 08/29/2016 to 08/29/2017 (the '2016-17 Policy'); Policy No. DCG00217-03, effective from 08/29/2017 to 08/29/2018 (the '2017-18 Policy'); Policy No. DCG00217-04, effective from 08/29/2018 to 08/29/2019 (the '2018-19 Policy'); and Policy No. DCG00217-05, effective from 08/29/2019 to 08/29/2020 (the '2019-20 Policy') (together, the 'Policies'). [ECF No. 1, ¶28.]
>
> Southern Home is the only Named Insured under the Policies. [*Id.*, ¶¶29, 33.]
>
> The Underlying Complaint was filed against Towne Construction only. [*Id.*, ¶34.]

Towne Construction is not an insured under the Policies. [*Id.*, ¶35.]

United Specialty accordingly has no duty to defend or indemnify Towne Construction or Southern Home in the Underlying Lawsuit. [*Id.*, ¶37.]

Count II of the complaint seeks declarations that USIC has no duty to defend or indemnify Southern Home because the USIC policies include distinct, but nearly identical, versions of a Townhome Exclusion that bar coverage for "'property damage' included in the 'products-completed operations hazard' and arising out of 'your work' on the new construction of any … townhomes or townhouses".[1] More specifically, the following allegations of USIC's complaint, taken as true, state a substantive cause of action and sufficient basis for the declarations requested in Count II of the complaint:

> Southern Home purchased the …. [Policies] from United Specialty[.] [ECF No. 1, ¶28.]
>
> The Policies include two distinct, but nearly identical, versions of a Townhome Exclusion. (See Exhibit K, Form DCG 008 0414 included in the 2014-15 Policy, 2015-16 Policy, and 2016-17 Policy; Exhibit L, Form DCG 008 0416 included in the 2017-18 Policy, 2018-19 Policy, and 2019-20 Policy.) More specifically, both versions of the exclusion bar coverage for "'property damage' included in the 'products-completed operations hazard' and arising out of 'your work' on the new construction of any … townhomes or townhouses". [*Id.*, ¶39.]

---

[1] The principal difference between the forms is Form DCG 008 0416 only applies when there are 10 or more townhome or townhouse units in the development. That is irrelevant here because the Willowbrook at Oakleaf Plantation Townhomes indisputably includes more than 10 townhome or townhouse units.

Page 6 of 11

> The Underlying Lawsuit is over damages arising out of work on the new construction of the Willowbrook at Oakleaf Plantation Townhomes. [*Id.*, ¶40.]
>
> The Willowbrook at Oakleaf Plantation Townhomes is a residential townhome or townhouse development that includes more than 10 townhome or townhouse units. [*Id.*, ¶41.]
>
> United Specialty accordingly has no duty to defend or indemnify Towne Construction or Southern Home in the Underlying Lawsuit. [*Id.*, ¶42.]

As the Court will hopefully appreciate, Counts I and II entitle USIC to a default judgment against Southern Home. Each count is independently dispositive. Entry of a default judgment against Southern Home does not require close scrutiny of Count III, although the allegations, taken as true, also state a substantive cause of action and sufficient basis for the declarations requested in Count III.

Because of Southern Home's default, the Court is bound by the allegations of USIC's complaint, which state a cause of action for declaratory relief against Southern Home. *See Tyco Fire & Sec. LLC*, 218 F. App'x at 863 (observing that a defaulted defendant is deemed to have admitted the plaintiff's well-pled allegations of fact). To be sure, the operative allegations and the terms of the USIC policies establish whether there is coverage as a matter of law. *See Colony Ins. Co. v. Barnes*, 410 F. Supp. 2d 1137, 1138 (N.D. Fla. 2005) ("Under controlling Florida

law, the issue of a liability insurer's duty to defend a lawsuit against its insured is governed by the terms of the insurance policy and the allegations of the complaint."); *Cortes-Garcia*, 2012 WL 2505917, at *5 ("[I]f a court determines there is no duty to defend, as a matter of law there cannot be a duty to indemnify.").

Additionally, the Court should consider the following exhibits to USIC's complaint because they involve undisputed facts that clearly establish, in addition to the operative allegations, that the Willowbrook at Oakleaf Plantation Townhomes community is a community of townhomes or townhouses: Exhibit A, Declaration Of Covenants, Conditions And Restrictions for the Willowbrook at Oakleaf Plantation Townhomes; Exhibit B, Association's Articles of Incorporation; Exhibit C, Association's Rules and Regulations; and Exhibit D, Webpage maintained by the Developer of the Willowbrook at Oakleaf Plantation Townhomes community. *See, e.g.*, *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017) (recognizing an exception to the general duty to defend standard for extrinsic facts that "are undisputed, and, had they been pled in the complaint, they clearly would have placed the claims outside the scope of coverage") (quoting *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014)).

In similar cases, courts applying Florida law freely enforce exclusions like USIC's Townhome Exclusions to preclude both a duty to defend and a duty to

indemnify. *See, e.g., United Specialty Ins. Co. v. Ken Creel Stucco & Stone, Inc.*, No. 822CV02635KKMAEP, 2023 WL 4931171, at *5 (M.D. Fla. June 28, 2023), *report and recommendation adopted*, No. 822CV02635KKMAEP, 2023 WL 5544656 (M.D. Fla. Aug. 29, 2023) ("Taking USIC's allegations as admitted as a result of Ken Creel's default, there is no dispute that the subject house in the underlying lawsuit is a single-family home built as a track development. Moreover, there is no dispute that the underlying lawsuit seeks relief against Ken Creel for his work on the subject house. The plain reading of the contractual language unambiguously limits the Policy's coverage and excludes coverage from incidents involving work on new construction of a tract or track home. Therefore, USIC has no duty to defend and as a result, no duty to indemnify with regard to the property damage at issue in the underlying lawsuit and is entitled to entry of a default declaratory judgment.") (internal citations omitted); *see also James River Ins. Co., v. AIG Property Casualty Company, et al.*, No. CACE-16-019577 (Fla. 11th Cir. Ct. Dec. 17, 2019), *aff'd*, 315 So. 3d 662 (Fla. 4th DCA 2021); *James River Ins. Co. v. Oscar I. Garcia, Architect, P.A.*, 856 F. Supp. 2d 1284 (S.D. Fla. 2012); *HC Waterford Prop., LLC v. Mt. Hawley Ins. Co.*, 2009 WL 2600431 (S.D. Fla. Aug. 21, 2009); *Evanston Ins. Co. v. AB Knight Const., LLC*, 2011 WL 11165483, at *3 (S.D. Fla. Mar. 10, 2011).

As detailed above, USIC's complaint includes allegations establishing that USIC has no duty to defend Southern Home for the Association's underlying

lawsuit. And because there is no duty to defend, there is no duty to indemnify as a matter of law. *See Cortes-Garcia*, 2012 WL 2505917, at *5 ("[I]f a court determines there is no duty to defend, as a matter of law there cannot be a duty to indemnify."). USIC is accordingly entitled to a default judgment against Southern Home.

## II.  USIC'S UNRESOLVED CLAIMS AGAINST THE ASSOCIATION DO NOT PRECLUDE ENTRY OF A DEFAULT JUDGMENT.

Generally, entry of a default judgment is inappropriate when a complaint alleges a defaulted party and other defendants are jointly liable for damages. *See, e.g.*, *Tan v. Sushi Yama Japanese Rest., Inc.*, No. 20-20679-CIV, 2020 WL 6293216, at *4 (S.D. Fla. Aug. 4, 2020). That general rule does not apply here because USIC's complaint does not allege defendants are jointly liable for any damages. Accordingly, USIC is entitled to a default judgment against Southern Home notwithstanding USIC's imminent but unresolved claims against the Association.

## CONCLUSION

The clerk defaulted Southern Home and USIC's complaint clearly states a cause of action for declaratory relief against Southern Home. Accordingly, USIC respectfully requests this Court's entry of a default judgment against Southern Home.

Respectfully submitted,

/s/ANDRES CORDOVA
**SINA BAHADORAN**
Florida Bar No. 523364
sina.bahadoran@clydeco.us
**ANDRES CORDOVA**
Florida Bar No. 0118147
andres.cordova@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646

### CERTIFICATE OF SERVICE

I CERTIFY that on January 2, 2024, I e-filed this document using the CM/ECF system. I am not aware of any non-CM/ECF participants.

/s/ANDRES CORDOVA
ANDRES CORDOVA